## THE STATE OF TEXAS v. P. A. WORK ET AL.

(Case No. 1990.)

1. VESTED RIGHT — PUBLIC DOMAIN — STATUTE CONSTRUED.— An application for the purchase of land, made before the law of January 22, 1883 (Gen. Laws, p. 2), went into effect, when unaccompanied with any further act to acquire the land, conferred no vested right in the same, and the act above referred to, withdrawing the land from sale, prevented the subsequent acquisition of title thereto by compliance with the terms of the acts by which the land was placed on the market.

APPEAL from Hardin. Tried below before the Hon. Edwin Hobby.

*John D. Templeton*, Attorney-General, on the point that no mutuality in the contract existed, cited: Cobb v. Beall, 1 Tex., 348; Williams v. Rogan, 59 Tex., 438; Mariner v. Gray, 4 Wis., 396, top page; Dorsey v. Packwood, 12 How. (U. S.), 136; Eldridge v. Glover, 5 Stew. & Por. (Ala.), 264; Fort v. Barnett, 23 Tex., 463; Willets v. Sun Mutual Ins. Co., 6 Am. Rep., 31; Addison on Contracts, sec. 18; Wade on Retroactive Laws, sec. 115; Bishop on Contracts, sec. 180.

That there was no vested right, he cited: Chalk v. Darden, 47 Tex., 438; De Cordova v. Galveston, 4 Tex., 478–9; McIndoe v. School Commissioners, 6 Wis., 334; Mariner v. Gray, 4 Wis., 380, top page; Bailey v. Mason, 4 Minn., 550; Shepley v. Cowan, 91 U. S., 338; Cooley's Const. Lim., 440–2 (5th ed.), top page; Bishop's Written Law, sec. 177a; Wade on Retroactive Law, sec. 299; Goshen v. Stonington, 10 Am. Dec., 121, and note on page 134.

*S. R. Perryman*, District Attorney, also for the state.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the state against the appellees to recover from them damages for timber taken from land alleged to be of the public domain of the state, and to enjoin the appellees from a further taking or cutting timber from the land.

The defendants pleaded in defense that P. A. Work, on the 17th December, 1882, filed in the office of the surveyor for Hardin county his application to buy the land, under the act of July 14, 1879 (General Laws, p. 48), and the act of March 11, 1881 (General Laws 1881, p. 25), which was amendatory of the former act.

They further alleged that the application was duly recorded, and that a survey of the land was made March 5, 1883, and that the field notes of the survey, with the application and sketch of the

survey, were returned to the general land office and filed therein May 4, 1883, and that on July 2, 1883, he tendered to the state treasurer the price fixed by the act, which the treasurer refused to receive.

The other defendants set up claim to the timber on the land through a purchase from their co-defendant Work.

A demurrer was filed to this answer, which, being heard, was overruled, after which a trial was had on the merits, and a judgment was rendered in favor of the defendants, and vesting in the defendant Work title to the land, he having tendered into court the price of the land.

The facts were proved as alleged in the answer, and it appeared that the defendants other than Work, but under contract with him, had felled and removed timber from the land continuously until the time of the trial, and that this was of the value of $1,125.

The land in question was withdrawn from sale by the act of January 22, 1883 (General Laws, 2), and prior to that time it does not appear that Work had done anything tending towards the acquisition of the land, further than to file his application with the surveyor.

In the case of Campbell v. Blanchard (decided at the present term) it was held that such fact gave no vested right to the land, and that the act withdrawing the land from sale would prevent the subsequent acquisition of title to the land by compliance with the terms of the acts by which the land was put upon the market.

The decision in that case is decisive of this.

The judgment should have been in favor of the state, perpetually enjoining the appellees or either of them from felling or removing timber from the land, and giving damages for the value of timber felled or removed prior to the institution of the suit.

The record before us does not show the value of such timber, but shows the entire value of timber felled or removed up to the time of trial; hence, the judgment cannot be here rendered, and the judgment of the court below will be reversed and the cause remanded, that inquiry may be made as to the value of timber felled or removed from the land prior to the institution of the suit, as under the pleadings there is no prayer for value of timber cut and removed to time of trial; after which judgment should be rendered enjoining the appellees or either of them from felling or removing timber from the land, and for the value of timber felled or removed prior to the institution of the suit.

If, however, the appellant shall desire to do so, its pleading may

be so amended as to entitle it to have an inquiry as to the entire damage sustained until time of trial, and a judgment for the damage thus shown may then be entered.

It is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered January 27, 1885.]